NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYSETTE TREDO, MICHAEL P. AMERMAN, EMILIAN C. PUMA, IVETTE VARELA, THOMAS HAFER, GRID TROCI, ALFRED MITCHELL, JR., VIRGINIA MCCROHAN, AMY WILLIAMS, GARY SMITH, LORRAINE LEONE, SCOTT OLSEN, TIFFANY JONES, ERICK CACERES and ANTHONY PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Civil Action No. 14-3013 (JLL)<br><br>**OPINION** |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant")'s motions to sever and dismiss Plaintiffs Lysette Tredo, Michael P. Amerman, Emilian C. Puma, Ivette Varela, Thomas Hafer, Grid Troci, Alfred Mitchell, Jr., Virginia McCrohan, Amy Williams, Gary Smith, Lorraine Leone, Scott Olsen, Tiffany Jones, Erick Caceres, and Anthony Perez ("Plaintiffs")' Complaint pursuant to Rules 20, 21 and 12(b)(6) of the Federal Rules of Civil Procedure. [CM/ECF No. 174.] The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendant's motion to sever is granted. Defendant's motion to dismiss is also granted. Plaintiffs' Complaint is dismissed without prejudice.

I.  **BACKGROUND**

Plaintiffs are 15 different individuals who obtained 15 different and unrelated residential loans that were serviced by Ocwen. These residential loans originated in 5 different states at different times.

All 15 Plaintiffs defaulted on their mortgages and requested loan modifications through Defendant as a result. (Compl. ¶22.) Plaintiffs allege that Defendant "implemented such procedural safeguards to ensure that Plaintiffs enter or remain in default on their loans." (*Id*. at ¶24.) They further allege that Defendant provided them with "modification application packages," which required them to "provide documentation as a condition precedent for the modification agreement." (*Id*. at ¶25.) According to Plaintiffs, Defendant told them that once the modification packages were submitted and reviewed, they would be given new payment terms as part of a trial modification that would become permanent if they "made the necessary monthly payments under the terms of the trial modification[.]"(*Id*. at ¶26.)

Not all Plaintiffs met the conditions precedent pursuant to the trial modification offer. The Complaint alleges that some Plaintiffs were able to overcome "Defendant's obstacles and meet conditions of the modification agreement," (*Id*. at ¶35), while others did not. (*Id*. at ¶32.) According to them, the Plaintiffs that did meet the requisite conditions were still denied their loan modification requests "based on erroneous claims concerning Plaintiffs' subsequent performance, financial situation, and nature of their loans." (*Id*. at ¶35.)

Plaintiffs also allege that they submitted Qualified Written Requests through which they "formally pointed to error and disputed the validity of their current debts." (*Id*. at ¶¶60-62.)

According to Plaintiffs, Defendant failed to respond to these requests "in a meaningful way." (*Id.* at ¶63.)

Defendant filed a motion to sever and dismiss Plaintiffs' Complaint on August 4, 2014. [CM/ECF No. 5.]

This Court has jurisdiction over this case on the basis of Plaintiffs' assertion of a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2601, for which this Court has original jurisdiction pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367. Additionally, this Court has jurisdiction over this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, given that this action is between citizens of different states and the amount in controversy exceeds $75,000.

## II.  LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 545 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny,* 515 F.3d 224, 234 (3rd Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twomblv.* 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3rd Cir. 1994).

Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud, independent of the standard applicable to a Rule 12(b)(6) motion. Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This heightened pleading requirement is designed "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984). Thus, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story" whenever alleging a claim of fraud. *In re Advanta Corp. Sec. Litig.,* 180 F.3d 525, 534 (3d Cir. 1999). The Third Circuit has further noted that "[a]lthough Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Props. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Nice Sys., Ltd. Sec. Litig.,* 135 F.Supp.2d 551, 576 (D.N.J. 2001)).

### III. DISCUSSION

#### A. Motion to Sever

Federal Rule of Civil Procedure 20(a)(1) ("Rule 20") sets forth two necessary conditions that must be satisfied for multiple plaintiffs to be joined in one action: first, the claims asserted must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and second, there must be a "question of law or fact common to all plaintiffs[.]" Fed. R. Civ. P. 20(a)(1)(A)-(B). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *See Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and parties in one lawsuit. *See, e.g., Pruden v. SCI Camp Hill,* 252 Fed. App'x 436 (3d Cir. 2007); *George v. Smith,* 507 F.3d 605 (7th Cir. 2007).

Where a plaintiff fails to satisfy the conditions of permissive joinder under Rule 20(a), a court may "grant severance or dismissal to the improper party if it will not prejudice any substantial right" to remedy improper joinder pursuant to Federal Rule of Civil Procedure 21 ("Rule 21"). *Sabolsky v. Budzanoski,* 457 F.2d 1245, 1249 (3d. Cir. 1972); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). A district court has broad discretion in deciding whether to sever a party pursuant to Rule 21. Although Rule 21 is most commonly invoked to sever parties improperly joined under Rule 20, "the Rule may also be invoked to prevent prejudice or promote judicial efficiency." *Lopez v. City of Irvington,* 2008 WL 565776, *2 (D.N.J.2008); *see also Sporia v. Pennsylvania Greyhound Lines, Inc.,* 143 F.2d 105 (3d Cir.1944) (not limiting Rule 21 severance to cases of misjoinder); *Wyndham Assoc. v. Bintliff,* 398 F.2d 614 (2d Cir. 1968) (same, citing *Sporia* ), *cert. denied,* 393 U.S. 977 (1968); *Rohr v. Metropolitan Ins. & Cas. Co.,* 2007 WL 163037 (E. D. La. Jan.17, 2007) (court may also consider whether jury confusion would result from the volume of evidence if the plaintiffs were joined); 4 James Wm. Moore et al., *Moore's Federal Practice* §21.02(1) (3d ed. 2007) (courts may issue

5

severance orders under Rule 21, even in the absence of misjoinder and non-joinder of parties, "to construct a case for the efficient administration of justice").

In addition, a district court has the inherent power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb,* 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). "A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases." *Eash v. Riggins Trucking, Inc.,* 757 F.2d 557, 567 (3d Cir. 1985).

Here, Defendant argues that Plaintiffs' claims are misjoined under Rule 20 because the claims do not arise out of the same series of transactions or occurrences. (Def. Br. 5-6.) Defendant contends that Plaintiffs are 15 different individuals who obtained 15 different and unrelated residential loans originating in 5 different states at different times. (*Id.* at 6.) Plaintiffs, on the other hand, argue that their claims originate from the same series of transactions and occurrences because "[a]ll Plaintiffs have dealings directly with [] Defendant and all suffered from the same types of bad faith dealings, misinformation and fraudulent behavior from Ocwen." (Pl. Br. 2.)

Though Plaintiffs allege that all of their loans were serviced by Defendant, it is apparent from their Complaint that their claims do not arise out of the same series of transactions or occurrences. The Complaint sets forth facts showing that the fifteen mortgages in question were secured by fifteen different properties. Five of those properties were located in New Jersey, five were located in New York, two of them were in Pennsylvania, two were in Massachusetts, and one was in Delaware. Plaintiffs do not allege any connections between these properties or their owners. *See Abraham v. Am. Home Mortg. Servicing*, 947 F. Supp. 2d 222, 229 (E.D.N.Y. 2013) ("It is

well established that separate loan transactions by different lenders do not constitute a single transaction or occurrence and claims by plaintiffs who engaged in those separate transactions generally cannot be joined in a single action. Indeed, *even claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action.*") (emphasis added).

In addition, the Complaint alleges that different Plaintiffs endured different obstacles for acquiring loan modifications. Plaintiffs claim that "Defendant's policies were to intentionally delay the application and documentation process so that documents had to be resubmitted and deadlines passed." (Compl. ¶30.) Plaintiffs allege, as an example, that Plaintiff Emiliano Puma "was subjected to various document requests" that intentionally "prolong[ed] the application process beyond the loan's maturity date." (*Id*. at ¶32.) Consequently, Defendant refused to modify Plaintiff Puma's mortgage loan, even though he promptly complied with all of Defendant's document requests. (*Id.*) Plaintiffs allege, however, that some "Plaintiffs were able to overcome Defendant's obstacles," but were still denied a loan modification "based on erroneous claims concerning Plaintiff's subsequent performance, financial situation, and nature of their loans." (*Id*. at ¶35.) Thus, not all Plaintiffs had their modification requests denied in the same manner.

Moreover, jointly litigating Plaintiffs' claims is not in the interest of convenience or judicial economy. Though Plaintiffs argue that it would be efficient to have "one case heard rather than re-hearing the same facts pled over and over in many separate cases," (Pl. Br. 3), the resolution of this case will likely involve a different set of witness testimony and documentary proof for each mortgage. Because the loans implicate different people, locations, and dates, there will be little, if any, overlapping discovery. Additionally, the Complaint includes state claims involving mortgage property in five different states, which will likely result in a choice of law issue.

The settlement of these claims is also likely to be facilitated if they are litigated separately. *Traina v. HSBC Mortgage Servs., Inc.*, No. 13–2336, 2013 WL 6576856, at *7 (E.D.N.Y. Dec. 12, 2013) (quoting *Adams v. U.S. Bank, NA*, No. 12–4640, 2013 WL 5437060, at *4 (E.D.N.Y. Sept. 27, 2013)) ("[S]ettlement of the claims and judicial economy are likely to be facilitated if the claims [that plaintiffs were fraudulently induced into entering into loans and mortgages and their properties illegally foreclosed upon] are litigated separately in the appropriate state or federal district court."). As explained above, Plaintiffs are 15 different individuals with 15 different mortgage loans in 5 different states. Some of those Plaintiffs met the conditions precedent pursuant to the alleged trial modification offer while some did not. Further, some Plaintiffs lost their homes, (Compl. ¶84), while others only "suffered damages in the form of fees, penalties, and negative reporting of their creditworthiness[.]" (*Id.* at ¶83.) Thus, for the purpose of settlement negotiations, Plaintiffs may not have the same interests or priorities.

Finally, where a plaintiff fails to satisfy the conditions of permissive joinder under Rule 20(a), a court may "grant severance or dismissal to the improper party if it will not prejudice any substantial right" to remedy improper joinder pursuant to Rule 21. *Sabolsky,* 457 F.2d at 1249; Fed. R. Civ. P. 21. Granting severance in this case will not prejudice Plaintiffs, as they remain free to pursue their own claims individually. *Haley v. AMS Servicing, LLC*, No. 13–5645, 2014 WL 2602044, at *8-9 (D.N.J. June 11, 2014).

As such, Defendant's motion to sever is granted. All Plaintiffs except for the named Plaintiff, Lysette Tredo, are dropped and dismissed without prejudice as misjoined.

### B. Motion to Dismiss as to Plaintiff Lysette Tredo

Plaintiff asserts six claims against Defendant: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) fraudulent

concealment; (5) unjust enrichment; and (6) violation of the Real Estate Settlement Procedures Act.  Because this Court has held that the matter at hand should be severed, it will only consider these claims as to Plaintiff Lysette Tredo.

As a preliminary matter, Defendant argues that Plaintiff's first five claims should be dismissed because they allege violations of the Home Affordable Modification Program ("HAMP"), which does not contain a private right of action. (Def. Br. 7-8) (quoting *Keossesion v. Bank of Am.*, No. 11–3478, 2012 WL 458470, at *2 (D.N.J. Feb. 10, 2012)) ("[T]here is nothing express or implied in HAMP or its enabling legislation that creates a private right of action, and courts in the District of New Jersey and across the country have universally rejected claims such as Plaintiffs' on that basis."). It argues that even though Plaintiffs' first five Counts allege common law claims against Defendant, "each claim is based upon alleged violations of HAMP concerning [Ocwen's] alleged refusal to modify Plaintiffs' loans."

Defendant, however, does not provide this Court with binding authority that supports the proposition that Plaintiffs are not entitled to bring common law claims in situations where there may also be a violation of HAMP. Nor does Defendant assert that such claims are preempted by HAMP. Instead, the available persuasive authority seems to indicate that Plaintiffs may bring common law claims in these types of situations, while the binding authority from the Third Circuit explicitly did not consider the issue of preemption. *See DeLuca v. CitiMortgage,* 543 F. App'x 194, 197 (3d Cir. 2013); *Wallace v. Bank of Am.,* No. 11–0038, 2011 WL 3859745, at *5-6 (D.N.J. Aug. 30, 2011); *Stolba v. Wells Fargo & Co.*, No. 10–6014, 2011 WL 3444078 (D.N.J. Aug. 8, 2011).

In *DeLuca v. CitiMortgage*, the Third Circuit did not consider the issue of whether such claims are preempted by HAMP. 543 F. App'x at 197. It concluded that although the district court

had held that certain claims were preempted by HAMP, it was unnecessary to rule on the issue of preemption because the district court had "properly dismissed" the plaintiff's complaint for failure to state a claim. *Id.*

Similarly, in *Wallace v. Bank of Am.,* the Court did not let the fact that HAMP does not include a private right of action keep it from considering the merits of a plaintiff's breach of contract and promissory estoppel claims. 2011 WL 3859745, at n. 3 ("Defendants interpret the Complaint to raise a claim against defendant BAC for violating [HAMP]. To the extent it does, the Court agrees with Defendants that such claims would be barred because HAMP does not include a private right of action."); *Id*. at *5 ("Under New Jersey law, a contract requires mutual assent and consideration, among other things. *See generally Cohn v. Fisher,* 118 N.J.Super. 286 (N.J. 1972). As explained below, the Complaint does not clearly allege that either element existed as to a loan modification agreement or a forbearance agreement between Plaintiff and any of the defendant entities, and so these claims will be dismissed without prejudice."); *Id*. at *6 ("Because it is not clear whether Plaintiff alleges that BAC actually made a promise, or whether BAC just informed Plaintiff that such a promise would be made if an application were approved, the Court cannot determine whether Plaintiff's allegations state a claim for promissory estoppel."). Because Defendant has not provided binding legal authority holding otherwise, this Court is satisfied at this time that Lysette Tredo can move forward with her common law claims as asserted against Defendant. *See also Stolba*, 2011 WL 3444078, at *1, *3 (considering the merits of similar claims even though the Court was aware of HAMP).

> 1. Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing (Counts I and II)

In order to state a valid breach of contract claim, a plaintiff must show that: (1) there is a contract between the parties; (2) the contract was breached; (3) the breach caused damages; and,

(4) the party stating the claim performed its own contractual obligations. *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007)[1]. All contracts, under New Jersey law, include an implied covenant that the parties to the contract will act in good faith. *See Sons of Thunder. Inc. v. Borden, Inc.,* 148 N.J. 396, 420 (1997). The covenant "mandates that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Seidenberg v. Summit Bank,* 348 N.J. Super. 243, 254 (App. Div. 2002) (quotations omitted). This implied covenant of good faith and fair dealing, however, does not create a cause of action separate from a breach of contract claim. *Wade v. Kessler Inst.,* 778 A.2d 580, 588 (N.J. Super. Ct. App. Div. 2001) *aff'd as modified,* 798 A.2d 1251 (N.J. 2002).

Plaintiff fails to plead facts showing that a contract existed between Lysette Tredo and Defendant. Throughout the Complaint, Plaintiff refers to herself collectively with the other Plaintiffs. However, the Complaint makes clear that not all Plaintiffs met the conditions precedent pursuant to the trial modification offer. As explained above, the Complaint alleges that some Plaintiffs were able to overcome "Defendant's obstacles and meet conditions of the modification agreement," (Compl. ¶35), while others did not. (*Id.* at ¶32.) The Complaint does not detail any facts regarding whether Lysette Tredo met these conditions and thus formed a contract with Defendant. As such, Plaintiff fails to assert facts that would allow the Court to draw the reasonable inference that a contract existed between Tredo and Defendant. Given this pleading deficiency, Plaintiff Lysette Tredo fails to sufficiently state a claim for breach of contract and/or breach of the

---

[1] When a district court has diversity jurisdiction over a matter, it must apply the substantive law of the forum. *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993); *see also Robertson v. Cent. Jersey Bank & Trust Co.*, 47 F.3d 1268, 1273 (3d Cir. 1995) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487 (1941)) ("Because the district court exercised diversity jurisdiction over this matter, we are obliged to apply the substantive law of New Jersey, the state in which it sits."). This Court has diversity jurisdiction over Lysette Tredo's state claims. As such, it must apply New Jersey law. Defendant relies on New Jersey law in their brief. (Def. Br. 8.) Plaintiff does not dispute this.

implied covenant of good faith and fair dealing against Defendant. Counts I and II are dismissed without prejudice.

2. Promissory Estoppel (Count III)

In order to state a claim for promissory estoppel, the plaintiff must allege: (1) a clear and definite promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) that the promisee reasonably relied on the promise; (4) to the promisse's definite and substantial detriment. *Cotter v. Newark Hous. Auth.*, 422 F. App'x 95, 99 (3d Cir. 2011) (quoting *Toll Bros., Inc. v. Bd. Of Chosen Freeholders of County of Burlington,* 944 A.2d 1, 19 (N.J. 2008)); *see* Restatement (Second) of Contracts § 90 ("A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.").

Plaintiff has not alleged facts that give rise to the inference that she reasonably relied on Defendant's promise to her definite and substantial detriment. Again, the Complaint's collective treatment of the facts causes this claim to fail. As explained above, the Complaint alleges that not all Plaintiffs met the conditions precedent pursuant to the trial modification offer. Based on this, it is unclear whether Tredo made any act in reliance of Defendant's alleged promise. Plaintiff also does not set forth facts establishing who on behalf of Defendant made what promise to her, when that promise was made, etc. Plaintiff only makes vague and conclusory allegations in support of the reasonable reliance element of a promissory estoppel claim. (Compl. 83.) ("Plaintiffs relied on Defendant's representations[.]").

Similarly, Plaintiff does not allege facts that give rise to the reasonable inference that she suffered a definite or substantial detriment. Instead, she only alleges "damages in the form of fees,

12

penalties, and negative reporting of their creditworthiness[.]" (Compl. 83.) This vague allegation of harm is insufficient to establish a claim for promissory estoppel. As such, Count III of Plaintiffs' Complaint as alleged by Lysette Tredo is dismissed without prejudice.

### 3. Fraudulent Concealment (Count IV)

In order to plead fraudulent concealment in New Jersey, a plaintiff must allege "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person should rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages." *Arcand v. Brother Int. Corp.*, 673 F. Supp. 2d 282, 305 (D.N.J. 2009). A claim for fraudulent concealment must meet Rule 9(b)'s heightened pleading requirements. *See e.g., Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) (stating that fraudulent concealment must be pled with particularity pursuant to Rule 9(b)).

Defendant argues that "Plaintiffs fail to identify a single individual, date or factual context for the alleged misrepresentations and omissions." (Def. Br. 13.) This Court agrees. Plaintiff has not plead any of the elements of fraudulent concealment with particularity. Instead, she relies on vague and conclusory statements. Though she alleges that "Defendant used fraud and artifice to induce Plaintiffs to enter and keep Plaintiffs in default on their mortgages by promising opportunities for loan modifications when they had no intention of providing such permanent modifications[,]" she does not identify the "the who, what, when, where, and how" of this allegation, as required by Rule 9(b). She also fails to allege facts pertaining to Defendant's "knowledge or belief" of the misrepresentation's falsity, her reasonable reliance of that misrepresentation, and damages.

Plaintiffs do not respond to Defendant's arguments for dismissal of this claim. Instead, they ask this Court for leave to amend this Count "so it better complies with Federal Rule of Civil Procedure 9(b)." (Pl. Br. 9.) As such, Count IV of Plaintiffs' Complaint is dismissed without prejudice as to Plaintiff Lysette Tredo.

    4. Unjust Enrichment (Count V)

To state a claim for unjust enrichment under New Jersey law, a plaintiff must establish that the "defendant received a benefit and that retention of that benefit without payment would be unjust" and that Plaintiff "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.,* 135 N.J. 539, 554 (1994).

Plaintiff has not set forth facts showing that Defendant received a benefit at her expense under circumstances that would make it unjust for Defendant to retain that benefit without payment. The Complaint only alleges that Defendant "was unjustly enriched at the expense of each of the Plaintiffs." (Comp. ¶ 98.) This a conclusory statement that is not entitled to the presumption of truthfulness. *Iqbal*, 556 U.S. at 681 (citing *Twombly,* 550 U.S. at 554–555.) The Complaint also alleges that Defendant was benefited "[b]y preventing Plaintiffs from making reduced monthly payments . . . [causing] Plaintiffs' debt to increase, and further interest to accrue on the loan principal." (Compl. 99.) As explained above, however, Plaintiff fails to allege facts supporting the reasonable inference that Tredo satisfied the prerequisites for obtaining a loan modification. Her accrual of interest may have been due to her failure to make the required monthly mortgage payments. As such, Plaintiffs have not alleged facts showing that Defendant was unjustly enriched.

In response to Defendant's motion to dismiss, Plaintiff argues that "Defendant would be unjustly enriched by improperly becoming the owner of the Plaintiffs' homes." (Pl. Br. 7.) This is

insufficient to establish a claim for unjust enrichment for two reasons. First, the Complaint is devoid of any facts alleging that Defendant took possession of Tredo's home, and Plaintiff cannot amend the Complaint through a response brief. Second, Plaintiff's argument implies that Defendant has not yet taken possession of her home, suggesting that Defendant has not received a benefit as required by the second element of this cause of action. Thus, Count V of Plaintiffs' Complaint is dismissed without prejudice as to Plaintiff Lysette Tredo.

5. Real Estate Settlement Procedures Act ("RESPA")

Plaintiffs allege that Defendant violated § 2605(e) of RESPA "by failing to fully respond to inquiries submitted in Plaintiffs' Qualified Written Request within the sixty-day period provided therein." (Compl. ¶106.) This section requires loan servicers to provide borrowers with the information they requested "or an explanation of why the information requested is unavailable or cannot be obtained by the servicer[.]" 12 U.S.C. § 2605(e)(2)(c)(i). "Failure to plead actual damages in conjunction with a RESPA claim will result in its dismissal." *Oliver v. Bank of Am., N.A.*, No. 13–4888, 2014 WL 562943, at *3 (D.N.J. Feb. 11, 2014) (citing *Mercado v. Bank of America,* No. 12–1123, 2012 WL 5629749, at *17–18 (D.N.J. Nov. 15, 2012)).

Plaintiffs do not allege that Lysette Tredo suffered damages as a result of Defendant's failure to fully respond to her Qualified Written Request. Plaintiffs only claim that they suffered "financial loss and severe mental anguish and emotional distress from the impending loss of their homes." (Compl. ¶109.) This conclusory statement is insufficient to properly plead actual damages in conjunction with a RESPA claim. *See Oliver*, 2014 WL 562943 at *3 (dismissing a cause of action under RESPA because the plaintiff's Complaint "[did] not allege any specific damage suffered by Plaintiff[s] as the result of the alleged RESPA violations and [did] not allege a causal link between the alleged violations and the alleged damages.") (internal quotation and citation

omitted). Moreover, Tredo's RESPA claim should be dismissed because Plaintiffs do not set forth any facts that support the reasonable inference that Tredo sent a proper Qualified Written Request to Defendant. *See O'Connor v. First Alliance Home Mortgage*, 2012 WL 762351, at *2 (D.N.J. Mar. 6, 2012) ("The complaint fails to allege any facts that might demonstrate that the letter on which Plaintiffs base their claim constitutes a 'qualified written request' as defined by RESPA.")

Plaintiffs do not respond to Defendant's arguments for dismissal of this claim. Instead, they ask this Court for leave to amend this Count. As such, Count VI of Plaintiffs' Complaint is dismissed without prejudice as to Plaintiff Lysette Tredo.

## IV. CONCLUSION

Based on the reasons set forth above, Defendant's motion to sever [CM/ECF No. 5] is granted. All Plaintiffs except for the named Plaintiff, Lysette Tredo, are dropped and dismissed without prejudice as misjoined. Defendant's motion to dismiss Plaintiff Lysette Tredo's claims [CM/ECF No. 5.] is also granted. Plaintiffs' Complaint is dismissed *without* prejudice as to Plaintiff Lysette Tredo.

An appropriate Order accompanies this Opinion.

     /s/ Jose L. Linares     
Jose L. Linares
United States District Judge

Dated: October _10_, 2014